UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
AIMEE D.P.,

                        Plaintiff,          <u>DECISION AND ORDER</u>
                                            1:22-CV-09988-GRJ

           v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

       In March of 2020, Plaintiff Aimee D.P.[1] applied for Disability

Insurance Benefits under the Social Security Act. The Commissioner of

Social Security denied the application.  Plaintiff, represented by Pierre

Pierre Law, P.C., Eddy Pierre Pierre, Esq., of counsel, commenced this

action seeking judicial review of the Commissioner's denial of benefits

pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to

the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

       This case was referred to the undersigned on December 6, 2023.

Presently pending are the parties' Motions for Judgment on the Pleadings

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 17,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

20). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A.    *Administrative Proceedings*

Plaintiff applied for benefits on March 21, 2020, alleging disability beginning December 6, 2018. (T at 191).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on August 13, 2021, before ALJ Michael Stacchini. (T at 123-39).  Plaintiff appeared with a non-attorney representative and testified. (T at 131-38). A supplemental hearing was held on November 4, 2021, before the same ALJ. (T at 140-79).  Plaintiff appeared with a non-attorney representative and testified. (T at 151-74). The ALJ also received testimony from Jane Gerrish, a vocational expert. (T at 175-77).

### B.    *ALJ's Decision*

On November 24, 2021, the ALJ issued a decision denying the application for benefits. (T at 11-32).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since December 6, 2018 (the alleged

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

onset date) and meets the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured). (T at 17).

The ALJ concluded that Plaintiff's degenerative disc disease of the cervical spine, asthma, sinusitis, gastroesophageal reflux disease, right shoulder bicep tendonitis, osteoarthritis of the first carpometacarpal joint in the right hand, and insomnia were severe impairments as defined under the Act. (T at 17).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with no more than occasional climbing ramps and stairs; no climbing of ladders, ropes, or scaffolds; and no more than occasional balancing, stooping, kneeling, crouching, and crawling.  (T at 19).  The ALJ further found that Plaintiff could perform frequent reaching, handling, and fingering; but needed to avoid extreme cold, extreme heat, and concentrated exposure to atmospheric conditions, unprotected heights, and hazardous machinery. (T at 19).

The ALJ concluded that Plaintiff could not perform her past relevant work as a police officer. (T at 24).  However, considering Plaintiff's age (46 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 24).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between December 6, 2018 (the alleged onset date) and November 24, 2021 (the date of the ALJ's decision). (T at 25-26).  On October 25, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 23, 2022. (Docket No. 1).  On September 26, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 17, 18).  The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on November 27, 2023. (Docket Nos. 20, 21).  On

December 15, 2023, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 24).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises two primary arguments in support of her request for

reversal of the ALJ's decision.  First, Plaintiff asserts that the ALJ's

assessment of the medical opinion evidence was flawed, which undermined the RFC determination.  Second, she contends that the ALJ erred in discounting her credibility.  This Court will address both arguments in turn.

### A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the

8

medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. David Langer, Plaintiff's treating surgeon, completed a medical source statement in July of 2021.  Dr. Langer had been treating Plaintiff since January of 2019. (T at 1137).  He diagnosed

cervical cord compression and referenced a 2018 MRI revealing severe spinal cord stenosis. (T at 1137).  Dr. Langer reported that Plaintiff's pain was severe (7/10), occurring daily, and aggravated by almost all activities. (T at 1137).  He opined that Plaintiff would need to rest lying down or reclining for more than 4 hours in an 8-hour workday, could frequently lift up to 5 pounds and occasionally lift up to 10 pounds, but rarely or never lift more than that. (T at 1138).

Dr. Langer further reported that Plaintiff's conditions would interfere with her ability to keep her neck in a constant position; would limit her to occasional use of her hands/fingers/arms for repetitive activities; would cause "good" days and "bad" days and would likely cause her to be absent from work more than 4 times per month. (T at 1139).  In support of this assessment, Dr. Langer referenced Plaintiff's extreme pain, limited neck range of motion, and difficulty with fine motor function in her arms and hands. (T at 1139).  In prior reports, Dr. Langer indicated that Plaintiff should not return to work even on limited or desk duty. (T at 652, 654).

The ALJ found Dr. Langer's opinion unpersuasive. (T at 22-23).  For the reasons discussed below, the Court finds the ALJ's decision supported by substantial evidence and consistent with applicable law.

First, Dr. Langer's assessment of Plaintiff's ability to lift and carry objects corresponds with the ALJ's conclusion that Plaintiff could meet the lifting and carrying demands of sedentary work. *See* 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.").

Second, the ALJ's assessment is supported by other medical opinion evidence of record.  Dr. Langer declined to rate Plaintiff's ability to sit, stand, and walk. (T at 1138).  However, Dr. Paul Mercurio, who performed a consultative examination in August of 2020, assessed no limitation in Plaintiff's ability to sit; mild limitation as to standing; and moderate limitation as to prolonged walking. (T at 891).  Dr. Seok, a non-examining State Agency review physician, opined that Plaintiff could stand/walk for 4 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 186).  Dr. Siddiqui, another State Agency review physician, concluded that Plaintiff could stand/walk for 2 hours in an 8-hour workday and sit for about 6 hours in an 8-hour workday. (T at 202).  These assessments support the conclusion that Plaintiff retained the RFC to perform a range of sedentary work. *See* 20 C.F.R. § 404.1567(a).

Third, the ALJ reasonably found Dr. Langer's assessment of fine motor limitation inconsistent with treatment notes showing normal muscle tone and strength and full grip strength. (T at 23, 592, 888, 906, 913, 1139). In addition, Dr. Mercurio opined that Plaintiff would have no limitation for reaching or handling objects. (T at 892).  Dr. Seok and Dr. Siddiqui reached the same conclusion.  (T at 186, 203).

Fourth, although Dr. Langer opined that Plaintiff would need to rest lying down or reclining for more than 4 hours in an 8-hour workday, none of the examining or review physicians made that assessment. (T at 1138).

Fifth and finally, the ALJ reasonably found Plaintiff's activities of daily living, which included childcare and household chores, inconsistent with the extreme limitations set forth in Dr. Langer's opinion. (T at 21, 152-58, 434-36).

While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may discount an assessment of extreme limitation where, as here, the claimant's activities are not consistent with that level of impairment. *See Santana v. Saul*, No. 18 CIV. 10870 (PED), 2019 WL 6119011, at *8 (S.D.N.Y. Nov. 18, 2019)(collecting cases); *see also Dorta v. Saul*, No. 19CV2215JGKRWL, 2020 WL 6269833, at *6 (S.D.N.Y. Oct. 26, 2020).

Plaintiff offers an alternative reading of the record and argues that the ALJ should have found Dr. Langer's opinion more persuasive.  However, for the reasons discussed above, the Court finds the ALJ's decision supported by substantial evidence, including a reasonable reading of the record, appropriate consideration of the activities of daily living, and a proper assessment of the medical opinion evidence.

The ALJ's determination must therefore be sustained under the deferential standard of review applicable here.[3] *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a

---

[3] Plaintiff also contends that a remand is necessary because the ALJ did not provide a function-by-function assessment of her work-related abilities, as required under SSR 96-8p.  However, it is well-settled in this Circuit that the lack of a function-by-function assessment does not warrant remand where, as here, it is clear that the ALJ performed a through review and reached a decision supported by substantial evidence.  *See O'Connell v. Kijakazi*, No. 18-CV-10546 (AEK), 2021 WL 4480464, at *9 (S.D.N.Y. Sept. 30, 2021)(citing *Cichocki v. Astrue*, 729 F.3d 172, 176-77 (2d Cir. 2013)).

reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

>    B.    *Credibility*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any

other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

Here, Plaintiff testified as follows: She lives with her two children. (T at 152). She drives short distances, takes her children to school, and performs grocery shopping with assistance. (T at 154-56, 173).  She occasionally walks her dogs but has asthma attacks in cold temperatures and experiences fainting during high heat. (T at 157).  She attends to laundry at home and prepares meals that do not require her to stand over the stove. (T at 157).

She believes she can no longer work due to cervical spine problems impacting her upper back (T at 162). She underwent cervical spine surgery in 2019 and received physical therapy twice per week thereafter for six to eight weeks (T at 163). She no longer attends therapy because it caused

burning in her back and was too uncomfortable. (T at 163). She takes pain medication three times per day to alleviate her neck pain (T at 164). Insomnia is also an issue. (T at 166).

Plaintiff estimates that she can stand for about 15-20 minutes, walk for about 30 minutes, and lift about 10 pounds. (T at 171).  She reclines 4-6 times per day for 20-30 minutes. (T at 172). Prolonged sitting strains her spine and aggravates her symptoms. (T at 174).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 20).

For the following reasons the Court finds the ALJ's decision to discount Plaintiff's credibility supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record and well-supported medical opinion evidence, including the assessments of Dr. Mercurio, Dr. Seok, and Dr. Siddiqui. (T at 20-24).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered

inconsistent with the overall clinical assessments, medical opinion evidence, and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ reasonably found Plaintiff's complaints of disabling pain and limitation inconsistent with her activities of daily living. (T at 21).  It is well-settled that "[e]vidence that a plaintiff is capable of participating in various activities of daily living despite allegations of severe pain can support a determination that a plaintiff can perform sedentary work." *Niven v. Barnhar*t, 03 Civ. 9359 (DLC), 2004 U.S. Dist. LEXIS 17337, at *19 (S.D.N.Y. Sept. 1, 2004)(citing *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980)); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010)(affirming ALJ's credibility determination in light of "substantial evidence … showing that [claimant] was relatively 'mobile and functional,' and that … allegations of disability contradicted the broader evidence"); *Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility assessment, the ALJ appropriately considered Plaintiff's ability to engage in

certain daily activities as one factor, among others suggested by the regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").

There is no question that Plaintiff suffers from pain and limitation. Notably, the ALJ did not dismiss Plaintiff's subjective complaints and, instead, found her limited to a reduced range of sedentary work. (T at 19). However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes and clinical assessments, an appropriate assessment of the medical opinion evidence, and proper consideration of the activities of daily living.  This is sufficient to sustain the disability determination under the deferential standard of review applicable here.  *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because

[claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 17) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 20) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.


Dated: December 22, 2023                    *s / Gary R. Jones*
                                            GARY R. JONES
                                            United States Magistrate Judge